## Chas. Scott v. The State.

### No. 3377. Decided March 21, 1906.

**1.—Murder in Second Degree—Continuance—Witness.**

Upon a trial for murder where the defendant presented his third or fourth application for continuance for the same witness, and it was evident that said witness was mythical or could not be procured, there was no error in overruling the motion.

**2.—Same—Evidence—Conduct of Defendant—Preventing Arrest.**

Upon a trial for murder, where testimony was introduced by the State of acts and conduct on part of defendant to prevent his arrest shortly after the homicide, there was no error; besides there was no certificate of the judge that the grounds stated in defendant's bill of exceptions were true, nor did the bill negative the idea that what was done by defendant was to prevent the witness from getting an officer to secure defendant's arrest.

**3.—Same—Charge of Court—Self-Defense—Preventing Rape.**

On a trial of murder where the defendant testified that he interfered between the deceased and the State's witness to prvent the former from raping the latter, and that deceased attacked him with a knife and defendant killed him in self-defense; and the court instructed the jury to acquit the defendant if he killed deceased to prevent the latter from committing rape, and also to acquit him if the defendant acted in self-defense there was no error. Neither was it error of which defendant could complain to submit incorrect charges requested by defendant.

**4.—Same—Accomplice—Corroboration.**

Where upon trial for murder, it was doubtful whether the State's witness was an accomplice, but the court nevertheless submitted this issue, as also the question of corroboration, and there was evidence of corroboration, the verdict will not be disturbed.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. E. B. Muse.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Marcus M. Parks* and *John J. Fagan,* for appellant.—On the question of contradictory charges of the Court: Baker v. Ashe, 80 Texas,. 356.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of ten years; and appeals.

The State's theory of the case is to the effect that deceased, Will Collins, procured Mary Smith, who had formerly been appellant's paramour, to meet him or go with him into the Trinity bottom, in the vicinity of Dallas, for the purpose of having carnal intercourse; that deceased was in the act of having carnal intercourse with Mary Smith with her consent, when appellant, who had seen them going in that direction, came upon them. Deceased jumped up from his position on top of Mary Smith, started to run, appellant caught him and cut him, inflicting a wound on his stomach which caused his entrails to protrude, and from which wound death ensued. Appellant's theory is to the effect that he was standing some one hundred yards away, and saw deceased and Mary Smith talking together; that he saw him pull her off the dump on the railroad, down to the level ground, and then pull her along up the bottom, she pulling back; that he immediately went to her assistance, and when he got there she was struggling and fighting with deceased, who was attempting to rape her; that he came up to them, and deceased got up and drew a knife, and was attempting to cut him, and he cut deceased in self-defense. This last theory is founded on appellant's testimony, he being a witness on his own behalf.

There is no merit in appellant's application for continuance, and the court did not err in overruling the same. This was the third or fourth application for continuance for the same witness. If said witness is not mythical and purely a creature of the imagination on the part of appellant, it is evident that he cannot be procured.

During the trial, the State introduced one O. M. Rawlins, and proved by him that while witness was on his way to the courthouse to inform the officers that Collins (deceased) had been wounded, and while defendant was coming in the same direction, that he (witness)

heard defendant say several things: "That he heard him (referring to witness) say, 'I will head him off, I will fix him.' I didn't know whether his (defendant's) intention was to come to town or not, and I stood there until they got past there and started on to town. I stood there until they got in ahead of me, and I started to town, and the woman said something, I couldn't readily understand, but I understood her to say, 'Yonder goes a man now,' and she advised him to run, and he says, 'I have got time to take you across the bridge,' and I started; and she said something to him—I never knew exactly what it was—and he lunged across toward me. He had a knife in his hand. I got just a little past him, and he made a lunger across, and I started to run, and he run diagonally across the road to about the center of the road, and by that time I was about in the center of the bridge, and he turned and went back to the woman. I walked on then and came up to the sheriff's office, and called two officers. In the mean time I had a man watching them down there, and they went down there and got them.' " Appellant objected upon the ground that it was prejudicial to the rights of defendant to attempt to prove defendant committed an assault, not in any wise connected with the commission of the homicide in question, and that the testimony was immaterial and irrelevant to any issue in the case. The court overruled the· objection, and the testimony was admitted, and appellant excepted. As has been frequently held, the mere statement of grounds of objection to the introduction of testimony, is not a certificate on the part of the judge that the grounds stated are true, so as to make them constitute a part of the facts or environments under which testimony was admitted. Moreover, the bill does not negative the idea that what was done by appellant was to prevent Rawlins from coming to town and getting an officer to secure his arrest. If this was his purpose, and as explained by the judge it evidently was, we think it was admissible testimony against defendant as acts and conduct on his part to prevent an arrest at the time.

Appellant objects to certain charges of the court with reference to appellant's defense on the ground of interfering to prevent the rape of Mary Smith, he not only contends that the court's charge was erroneous but that certain charges requested by him should have been given. We have examined the court's charge on this subject, and in our opinion it was applicable to and covered this phase of the case as presented by appellant's testimony. Really the facts of the case, as presented by appellant's testimony was self-defense—that is, appellant testified that deceased got up from the woman and attacked him with a knife and he killed him in self-defense. The court covered this phase of the case adequately. Not only so, but in addition he instructed the jury that, if they believed from the evidence that deceased, Will Collins, made an assault upon Mary Smith with the intent and purpose of committing rape upon her, and that defendant killed said Collins under such circumstances, they should acquit defendant; "or should

you believe from the evidence, that it reasonably appeared to defendant that deceased was making an assault on Mary Smith, with the intent and purpose of ravishing her, and the defendant killed deceased under these circumstances you should acquit him." This charge, as stated before, amply covered any possible phase of the case on the ground that the killing occurred because of an interference by appellant to prevent the rape by deceased of Mary Smith. Besides this, the court gave other charges on this subject at the request of appellant. While these charges may not be entirely correct, and should not have been given, yet appellant cannot complain of them. Carbough v. State, Dallas Term, 1906. In our opinion, they were certainly very liberal on his behalf.

Appellant also complains that the court did not instruct the jury on accomplice's testimony with reference to the witness Mary Smith. It is to our minds doubtful if this witness is an accomplice. However, the court did give the requested special instructions on accomplice's testimony with reference to her, which amply protected appellant's rights in case the jury believed she was an accomplice witness. Appellant further contends that the testimony of Mary Smith—she being an accomplice—and besides being contradicted, does not sustain the verdict. The credibility of Mary Smith was a question for the jury, as also whether or not she was an accomplice. Even if they regard her as such, we think there is testimony in the record corroborating her, which would sustain the conviction. However, we do not believe she was an accomplice, and we believe the jury was authorized to find she was not, and the case can be sustained on her evidence alone.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*